UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| LESLIE S. LIPSETT | CASE NO. 1-18-04099-HWV |
| Debtor | |
| | 1315 Pelham Road<br>Harrisburg, PA 17110 |
| LESLIE S. LIPSETT and<br>JOSEPH LIPSETT (non-filing party) | |
| Movants | |
| v. | |
| U.S. BANK TRUST NATIONAL<br>ASSOCIATION AS TRUSTEE OF THE<br>BUNGALOW SERIES IV TRUST C/O SN<br>SERVICING CORPORATION and<br>JACK N. ZAHAROPOULOS, STANDING<br>CHAPTER 13 TRUSTEE, | |
| Respondents | |

**ORDER APPROVING SALE OF REAL PROPERTY
PURSUANT TO 11 U.S.C. §363(b)
AND APPROVING DISTRIBUTION OF PROCEEDS**

The Motion of the Debtor, Leslie S. Lipsett, and her non-filing spouse, Joseph Lipsett, to Approve the Sale of Real Property Pursuant to 11 U.S.C. §363(b) and Approve Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and her estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable; it is

**HEREBY ORDERED** that:

1.  Leslie S. Lipsett ("Debtor") and her non-filing spouse Joseph Lipsett ("Mr. Lipsett")(collectively the "Parties") are authorized to sell the Real Property located at and known as 1315 Pelham Road, Harrisburg, Dauphin County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtor and Mr. Lipsett as Sellers, and Labon E. Wolf and Patty K. Wolf as Buyers, (the "Agreement"), and as set forth in the Motion. Such sale shall be to Buyers for the total consideration of $304,999.00 (the "Consideration").

2. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order. The only secured lien against the Real Property is a mortgage lien in favor of U.S. Bank National Association as Trustee of the Bungalow Series IV Trust ("U.S. Bank") securing a debt in the current amount of approximately $212,237.44.

3. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   i. Any notary or incidental recording fees required to be paid by the Parties as Sellers;

   ii. Any costs associated with the preparation of the deed or normal services with respect to closing;

   iii. Attorney fees to Mette, Evans & Woodside in the amount of $3,500.00 for services in connection with this transaction as it relates to this Chapter 13 case. All fees and expenses payable to Mette, Evans & Woodside shall be subject to such approval as the Bankruptcy Court may require.

   iv. Realty transfer tax, if any, required to be paid by the Parties as Sellers;

   v. Any present and past due real estate taxes and municipal services owed on the Real Property, prorated to the date of sale;

   vi. Real Estate Commission to Howard Hanna Real Estate Services ("Howard Hanna") in the amount of six percent (6%) of the total sales consideration and a $295.00 broker fee for services rendered to Sellers by Howard Hanna in connection with this sale;

   vii. Payment to U.S. Bank on account of the mortgage lien in an amount sufficient to pay off the loan secured by the mortgage in full;

   viii. Payment to Mr. Lipsett of fifty percent (50%) of net proceeds thereafter;

   ix. Payment to the Debtor of fifty percent (50%) of net proceeds up to the full amount of her claimed exemption as allowed under 11 U.S.C. §522(d)(1), or $24,556.83; and

   x. Payment to the Chapter 13 Trustee of any remaining portion of Debtor's 50% of net proceeds.

4. The sale is to a good faith purchaser and for fair market value within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

2

Case 1:18-bk-04099-HWV    Doc 77    Filed 01/06/22    Entered 01/06/22 11:46:26    Desc
Main Document    Page 2 of 3

5. The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr. P Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order as are necessary to be recorded in the Office of the Recorder of Deeds of Dauphin County, Pennsylvania.

Dated: January 6, 2022     By the Court,

*Henry W. Van Eck*
Henry W. Van Eck, Chief Bankruptcy Judge (MS)